**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELIZABETH CUMMINGS** | **Civil Action No:** |
| **VERSUS** | **District Judge:** |
| **MARRIOTT INTERNATIONAL, INC.** | **Magistrate Judge:** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Elizabeth Cummings, and files this, her Original Complaint against Defendant, Marriott International, Inc., on the grounds set forth below.

## I. Nature of the action

1. Plaintiff, Elizabeth Cummings, a disabled adult, suffered severe injuries while a guest of Defendant's hotel because the Defendant failed to provide her with a mobility accessible room after she had made a "guaranteed" online reservation—a violation of the Plaintiff's rights under the Americans with Disabilities Act of 1990.

## II. Parties

2. Plaintiff Elizabeth Cummings is a person of the full age of majority and a resident of, and domiciled in, the State of Louisiana. Plaintiff has a muscular-skeletal ("MS") condition that

necessitates her to use a wheelchair for mobility and, as such, has a disability protected by the Americans with Disabilities Act of 1990.

3. Defendant Marriott International, Inc. ("Marriott, Inc.") is a Delaware corporation with its principal place of business in Bethesda, Maryland. Marriott does business in Louisiana and within this district and is the owner of immovable property at and around 614 Canal Street, New Orleans, Louisiana, where they operate a hotel, the "JW Marriott New Orleans" ("the JW Marriott"), open to the general public.

## II. **Jurisdiction**

4. There are two independent bases supporting this Court's subject matter jurisdiction over the claims alleged herein. First, pursuant to (1) 28 U.S.C. §1332(a), this Court has Diversity Jurisdiction because the damages alleged in this controversy exceed $75,000, exclusive of interest and costs, and this action is between citizens of different States.

5. Second, this Court has subject matter jurisdiction over the claims in this action based on Federal Questions arising under 28 U.S.C. §1331, codified in 28 C.F.R. § 36.302(e)(1), 28 U.S.C. §1343(a)(3), and 28 U.S.C. §1343(a)(4) for violations of the Americans with Disabilities Act of 1990.

6. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 as the tortious conduct that is the subject of this action occurred within the Eastern District of Louisiana.

7. This Court has personal jurisdiction over all parties identified.

## III. Facts

8. That on or about November 10, 2016, Plaintiff, made a "guranteed" reservation for check in on December 9, 2016 and check out on December 11, 2016 at the JW Marriott for a "mobility accessible room."

9. The JW Marriott is a facility open to the public, a place of public accomodation, a business establishment, and a place of lodging under the Americans with Disabilities Act of 1990 and codified in 28 C.F.R. § 36.302(e)(1).

10. "Mobility accessible room(s)" are one of the facilities, privileges, and advantages offered by defendants to their customers at the JW Marriott.

11. That on December 9, 2016, when Plaintiff checked into the JW Marriott, Plaintiff was informed by front desk staff of the JW Marriott that no mobility accessible rooms were available and that there was no way to provide a room that could be made accessible.

12. Defendant, instaed, checked Plaintiff into a standard room that was not mobility accessible. This room specifically lacked the appropriate and requested accessibility features in the bathrom. Defendant offered no alternatives to Plaintiff that, or any other, hotel.

13. That the following morning, on December 10, 2016, Plaintiff, while in the standard room withour a mobility accessible bathroom, attempted to use the bathroom and fell, fracturing her tibia in her right leg.

14. That this situation denied the Plaintiff full and equal access and caused her difficulty, frustration, and a serious injury in fact, in violation of Plaintiff's rights under the Americans with Disabilities Act of 1990.

## IV. COUNT 1 – INJUNCTIVE RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

15. Plaintiff repeats the allegations contained in all prior paragraphs of this complaint as if fully restated herein.

16. Pursuant to section 9.1.2 through 9.1.5 of the ADA Accessibility Guidelines, hotels, motels, etc., shall provide one accessible room for every 25 rooms that they offer to customers.

17. Here, even though Plainiff made a “guaranteed” reservation for a “mobility-accessible room,” no such room was provided on the day of plaintiff’s visit, and Plaintiff was told no mobility accessible room could be made available.

18. A place of public accomodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities per 28 C.F.R. § 36.211(a).

19. Further, that pursuant to 28 C.F.R. § 36.302(e)(1), when a reservation is made by any means by places of lodging (a place of public accomodation that owns, leases (or leases to), or operates a place of lodging), the place of lodging must “(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservation systems; and (v) Guarantee that the specific accessible guest room reserved through its reservation service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.”

20. Pursuant to this, and other law, Defendants must, upon making a guarenteed reservation for a mobility accessible room, ensure that the room is, in fact, reserved for the disabled guest and take it out of the inventory of rooms held out as available to the general public.

21. Here, the failure to ensure that the accessible facilities were available and ready to be used by the Plaintiff is a violation of the law.

22. Given its desirable location on Canal Street in New Orleans and options at the hotel, the JW Marriott is a business that the Plaintiff will continue to be discriminated against due to the lack of a reservation system that not only guarantees mobility accessible rooms online, but also upon arrival, seeks injunctive relief to remove the barriers.

23. In light of the foregoing, mere monetary damages will not adequately compensate Plaintiff and permanent injunctive relief is necessary to address her damages as alleged herein. As described above, the online reservation system of Defendant fails to comply with the Americans with Disabilities Act and should be disconnected until such time as reasonable modifications are made to ensure that guaranteed reservations for mobility accissible rooms do, in fact, remove those rooms from the inventory of available rooms offered to the general public.

## V. COUNT 2–NEGLIGENCE PER SE UNDER LOUISIANA LAW

24. Plaintiff repeats the allegations contained in all prior paragraphs of this complaint as if fully restated herein.

25. The Defendant breached a specific duty under La. R.S. 46:1953(B) that, “Every person with a disability shall be entitled to full and equal accomodations, advantages, facilities, and privileges in the following, subject only to the conditions and limitations established by law and applicable alike to all persons: …(3) Hotels, lodging places…”

26. The Defendant also had a duty arising under the Americans with Disabilities Act to provide safe, convenient, and accessible facilities to the Plaintiff. Their breach of this duty, as alleged in the preceding pragraphs, has caused injury and damage as alleged above.

27. That as a result of breaching these duties, Plaintiff has sustained serious bodily injuries; together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; past and future medical expenses for medical care; disfigurement; and permanent impairment, all of which entitles Plaintiff, Elizabeth Cummings, to recover from Defendants such damages as are reasonable in the premises.

## VI. COUNT 3– ORDINARY NEGLIGENCE UNDER LOUISIANA LAW

28. Plaintiff repleads and incorporates by reference, as if fully set forth herein, the allegations contained in all prior paragraphs of this complaint.

29. Defendant, as the owner and/or operator of a hotel, owed a duty to the Plaintiff to operate the hotel under the Defendant's control with ordinary care, comensurate with that of a reasonable hotel owner/operator.

30. That failing to check Plaintiff into a mobility accessible room even though Plaintiff was disabled, ran in dereliction to industry standards.

31. That Defendant breached its duty to the Plaintiff for failing to operate the hotel in a reasonable manner.

32. That as a result of breaching these duties, Plaintiff has sustained serious bodily injuries and other harms alleged above, all of which entitles Plaintiff, Elizabeth Cummings, to recover from Defendants such damages as are reasonable in the premises.

## PRAYER:

Wherefore, Plaintiff prays that this court awards damages and provides relief as follows:

1. For injunctive relief, compelling Defendant to discontinue its reservation system until reasonable modifications are made to comply with the Americans with Disabilities Act, 28 C.F.R. § 36.302(e)(1), and other applicable law;

2. A judgment for appropriate compensatory damages, and for said judgment to bear legal interest from the date of judgment until paid;

3. For all costs of these proceedings;

4. Attorney's fees; and

5. For all legal and equitable relief this Honorable Court shall deem appropriate.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
ATTORNEYS FOR PLAINTIFF
601 POYDRAS STREET, 24TH FLOOR

NEW ORLEANS, LA 70130
TELEPHONE: (504) 525-8000
FACSIMILE: (800) 878-8937

BY: /S/ MATTHEW D. HEMMER
MATTHEW D. HEMMER, NO. LA34300
SAM FURMAN, NO. LA37126