UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH CUMMINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-04546** |
| **MARRIOT INTERNATIONAL, INC.** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion for Leave to Amend Complaint (R. Doc. 19)** filed by the Plaintiff seeking to amend the complaint to add two new defendants, Marriott Hotel Services, Inc. and Sunstone Canal, L.L.C. The motion is opposed. R. Doc. 22. The motion was heard on November 15, 2017.

## I. Background

This action was filed in the District Court on May 2, 2017, asserting claims under the Americans with Disabilities Act of 1990 as well as Louisiana negligence law. The Plaintiff, Elizabeth Cummings, alleges that on November 10, 2016, she made a "guaranteed" reservation for a "mobility accessible" room at the JW Marriott in New Orleans with a check-in on December 9, 2016. She alleges that the JW Marriott is a facility subject to the Americans with Disabilities Act and mobility accessible rooms are one of the advantages offered by the JW Marriott to its customers. The Plaintiff further alleges that upon check-in the JW Marriott had no mobility accessible rooms and there was no way to provide a room that could be made accessible. Instead, she alleges she was provided with a standard room. Plaintiff further alleges that while attempting to use the bathroom in a standard room she fell fracturing the tibia in her right leg. R. Doc. 1.

In the complaint, the Plaintiff named Marriott International, Inc. as the defendant. R. Doc. 1. On May 25, 2017, Marriott International, Inc. filed a corporate disclosure statement stating that it was erroneously named and the proper defendant, Marriott Hotel Services, Inc., is a wholly-

owned subsidiary of Marriott International, Inc., a publicly traded corporation. R. Doc. 6. Marriott Hotel Services, Inc. answered the complaint for the erroneously named Marriott International, Inc. R. Doc. 12. Within the answer, Marriot Hotel Services, Inc. states that it is the operator of the hotel, and also states that, "Defendant Marriott admits that it does business in Louisiana and within this district, but denies that it is the owner of the property at and around 614 Canal Street, New Orleans, Louisiana." R. Doc. 12.

The instant motion is seeking leave to file an amended complaint. The Plaintiff seeks to add Marriot Hotel Services, Inc. as a defendant as well as Sunstone Canal, L.L.C. as a defendant. A scheduling order in this case was issued on July 13, 2017. It states that amendments to pleadings shall be filed no later than 30 days from its issuance. Therefore, amendments to pleadings should have been completed August 13, 2017. R. Doc. 14.

The Defendant does not oppose adding Marriott Hotel Services, Inc. as a defendant. R. Doc. 22. However, they do oppose the addition of Sunstone Canal L.L.C., who Plaintiff alleges owns the property. R. Doc. 22. Further, in a letter to the Plaintiff on May 30, 2017, counsel for the Defendant states that Marriott Hotel International, Inc. is neither the owner nor operator of the hotel, and instead Marriot Hotel Services, Inc. operates the hotel. R. Doc. 22-1. The answer to Plaintiff's Interrogatory No. 1 also states that the premises are operated, but not owned, by Marriott Hotel Services, Inc. R. Doc.19-5.

This Court heard oral argument regarding the motion on November 15, 2017. At oral argument the Plaintiff was ordered to supplement their briefing with any discovery requests regarding the operating agreement that supposedly would indicate who the proper defendants would be in this case given the delayed request to amend. The Court also provided the Defendant with the opportunity to respond to any supplement the Plaintiff provided. R. Doc. 26.

Upon receiving the supplements in this case, the Court was informed that the Plaintiff had filed a separate action naming the two defendants that she sought to add in this motion. R. Doc. 27. With regards to the discovery request for the operating agreement, the Plaintiff notes that an informal request for the operating agreement was made on May 30, 2017 via telephone. She also provided an email on November 7, 2017 reflecting an interest in the operating agreement. However, the Plaintiff provided no record of any formal discovery request and could only point to the informal phone request prior to discovery. The Defendant, in their supplement, stated that when they were formally served with a request for production on or about August 13, 2017, no specific request was made to provide the operating agreement. R. Doc. 29.

## II.   **Standard of Review**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party ... and futility of the amendment.' " *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

### III.   Analysis

As an initial matter, this Court notes that the Plaintiff in their motion references Federal Rules of Civil Procdure 19 and 20. However, the mechanics of joinder under both Rule 19 and Rule 20 must still be in compliance with Rule 15. *See U.S. v. Int'l Broth. of Elec. Workers, Local No. 130*, 72 F.R.D. 507, 511 n.3 (E.D. La. Aug. 4, 1976) (West, J.). *See also Wells v. Chesapeake Energy Corp.*, 2016 WL 1182247 (S.D. Texas Mar. 28, 2016) (Miller, J.).

Here, the Plaintiff seeks to file an amended complaint adding two defendants. R. Doc. 19. This Court notes that the District Court has previously set a deadline for amended pleadings on August 13, 2017. R. Doc. 14. Because the instant motion was filed well after the deadline, the motion is governed by Federal Rule of Civil Procedure 16(b) and the Plaintiff must first demonstrate good cause for the untimely amendment. *S&W Enterprises*, 315 F.3d at 536.

### A. Rule 16(b)

First, the Plaintiff states that the reason for the delay in naming Marriott Hotel Services, Inc. and Sunstone Canal, L.L.C. as defendants is that she has repeatedly requested the operating agreement for the hotel to determine which additional defendants need to be joined. However, according to the Plaintiff it has not been received. R. Doc. 19-1. However, the Court at the oral hearing on this motion requested the Plaintiff to provide their discovery requests to the Defendant to determine whether it was the Plaintiff's delay or the Defendant's delay that has caused any issues with producing the operating agreement. In the Plaintiff's supplemental briefing, she was unable to provide any evidence of a request to the Defendant about the operating agreement other than a phone call on May 30, 2017, and an email well after the pleading deadline. The Plaintiff also states that the Defendant has been unwilling to identify who actually owns the premises. *Id.* In addition to the lack of any formal requests for the operating agreement of the hotel, the Defendant argues that the information necessary to amend the complaint was available from early on in the litigation. R. Doc. 22.

This Court finds that the Plaintiff has failed to provide a good explanation for the untimeliness of its motion to file the amended complaint. The Plaintiff has provided no record of any formal discovery requests for the operating agreement necessary to name the proper defendants, despite having apparently propounded requests for production in August of 2017.

5

Second, the Defendant has informed the Plaintiff via their answer, statement of corporate disclosure, and email that Marriott Hotel Services, Inc. is a proper defendant (neither Marriott entity has identified the owner of the property to the Plaintiff). However, it was not until this motion on October 25, 2017 that the Plaintiff attempted to add Marriott Hotel Services, Inc. as a defendant.

Next, the Plaintiff states that while the Defendant did not provide them with who owned the property at issue, a search of the Orleans Parish Assessor's Office indicated that Sunstone Canal, L.L.C. was the owner of 614 Canal Street, New Orleans, Louisiana. R. Doc. 19-1. This information from the Orleans Parish Assessor's Office was as readily available to the Plaintiff now as it was at the onset of litigation. There is no reason given for why a search of those records was not feasible earlier or why it was not completed when Marriott repeatedly said it was not the owner of the property. The Court finds that the Plaintiff has failed to provide a suitable reason for its failure to amend in a timely fashion based upon that the lack of discovery requests for the document that they state was necessary to identify the proper defendants, as well as the failure to exercise due diligence with respects to searching for any additional information regarding the proper defendants and the owner of the property in question..

The Court does find the addition of these defendants to be important. The Plaintiff is seeking to add those parties who could potentially be liable for her injuries. 28 C.F.R. § 36.302(e)(1) lists the requirements of a public accommodation that owns, leases (or leases to), or operates a place of lodging. Having both the proper Marriott defendant who operates the hotel as well as the correct owner of the property may impact if and how much relief is available to the Plaintiff.

6

Next, the Court finds that there may be little potential prejudice in allowing the addition of Marriott Services, Inc., however, there could be significant prejudice in adding Sunstone Canal, L.L.C. as a defendant. Trial in this case is set for April 9, 2018, with all discovery to be concluded on February 23, 2018. There is little less than four months between the date this motion was filed and the discovery deadline set by the District Court. Marriott Services, Inc. and their counsel have already been involved in this litigation and developing discovery on this matter. However, Sunstone, L.L.C. has not been involved in this litigation. The amount of factual discovery that will have to be propounded if Sunstone L.L.C. is added as party at this late date is unknown. Moreover, continuances to discovery deadlines may delay the start of trial with such a little amount of time to bring in a new party before the set trial date.

As a result, this Court finds that with respect to Marriott Hotel Services, Inc. there is good cause to amend the scheduling order to allow Marriott Hotel Services, Inc. to be added as a defendant. However, with respect to Sunstone Canal, L.L.C., good cause has not been shown.

### B. Rule 15(a)

Once the movant has demonstrated good cause and met the requirements of Rule 16(b), the Court applies the liberal standard of Federal Rule of Civil Procedure 15(a). Because the good cause requirement was not met for the addition of Sunstone Canal, L.L.C as a defendant, the Court will only examine the amendment as concerned to Marriott Hotel Services, Inc.

Rule 15(a) allows for a party to amend its pleading only with the opposing party's written consent or the court's leave. In our instant case, the opposing party Marriott International, Inc. is not opposed and has consented to the addition of Marriott Hotel Services, Inc. to this litigation, therefore, satisfying the requirement of Rule 15(a).

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion to Amend Complaint (R. Doc. 19)** is **GRANTED in PART** and **DENIED in PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** with respect to the addition of Marriott Hotel Services, Inc. as a defendant.

**IT IS FURTHER ORDERED** that the motion is **DENIED** with respect to the addition of Sunstone Canal, L.L.C. as a defendant.

**IT IS FURTHER ORDERED** that the Plaintiff shall file into the record an amended complaint that complies with this order within five (5) days of the signing of the order.

New Orleans, Louisiana, this 1st day of December 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**